UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| SHAWN D. WALTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 06-490-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DONALD STINE, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Shawn D. Walton, an individual currently in the custody of the Federal Bureau of Prisons ("BOP") at the United States Penitentiary-McCreary in Pine Knot, Kentucky, has submitted several documents which collectively cite to this Court's jurisdiction under 28 U.S.C. §2241 and which seek emergency injunctive relief. He complains of his placement in the prison's "Segregated Housing Unit," on July 30, 2006, and his continuing confinement there to date. He alleges that the only reason given for his segregation is for BOP personnel to conduct an investigation.

The Plaintiff appears to contend that the length and conditions of his confinement are illegal and he seeks immediate relief from the Court pursuant to Federal Rule of Civil Procedure 65, 28 U.S.C. §2241, or the Court's inherent power. He specifically asks the Court to dispense with the need for him to exhaust the BOP's administrative remedy process, as these procedures are unduly time consuming and provide for extensions of time which can further delay the relief sought.

-1-

Walton's request is unwarranted under Rule 65 of the Federal Rules of Civil Procedure. *Golden v. Kelsey-Hayes Company*, 73 F.3d 648 (6th Cir. 1996), sets out the factors to be considered by the Court before granting a preliminary injunction. These factors include: (1) the Plaintiff's likelihood of success on the merits; (2) whether the Plaintiff could suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *Id.* at 653. In the present case, the Plaintiff has not alleged, much less established, these elements.

Additionally, even if this request were not legally and factually insufficient, because Walton filed these documents without paying the district court filing fee, his request would be premature at best. Therefore, in addition to denying his motion for immediate relief, the Court will require that he cure the financial deficiency in this case as a preliminary matter. The district court fee for filing a petition for writ of habeas corpus is $5.00, while the filing fee for a complaint initiating any other civil action is $350.00.

Although the Plaintiff has insisted that his filing is a petition for writ of habeas corpus, he is mistaken. A petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 is to be brought in the district where a petitioner is incarcerated and may only challenge *execution* of sentence, such as the computation of parole or sentence credits. *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979); *Crawford v. Bell*, 599 F.2d 890, 891-92 (9th Cir. 1979) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484-86 (1973)). However, the self-proclaimed "Petitioner" herein does not attack the legality or duration of his confinement.

In the present case, Walton attempts to complain about the conditions of his confinement. A challenge to federal conditions of confinement should be presented in an action pursuant to 28 U.S.C. §1331 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), rather than in a habeas corpus petition. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991). When a *pro se* litigant labels a complaint seeking relief from prison conditions as a habeas petition, a court should treat it as an action brought pursuant to *Bivens*. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971) (per curiam).

Accordingly, and the undersigned also noting that the case lacks the items marked below:

__X__  1.  An affidavit of assets/*in forma pauperis* application;

__X__  2.  Certificate(s) of Inmate Account [Form 117] or institutional equivalent(s) for the last six months;

__X__  3.  Copies or detailed descriptions of the administrative remedies he has exhausted: that is, a BP-9; a BP-10; a BP-11; and the BOP responses thereto;

__X__  4.  Other, as specified: a signed complaint [Form 123].

**IT IS HEREBY ORDERED AS FOLLOWS:**

(1) The Clerk of the Court shall mark the instant case number on the forms indicated above and send them to the Plaintiff.

(2) The Plaintiff is required to pay the $350.00 filing fee for a civil action or to complete and file the two supplied financial forms within thirty (30) days of the date of entry of this Order.

(3) The Plaintiff is hereby on notice that if he fails to either submit the required financial forms or to pay the filing fee within thirty (30) days from the date of entry of this

Order, the District Court must (a) presume that the prisoner is not a pauper and (b) order the case dismissed for want of prosecution. If the case is dismissed under these circumstances, it is not to be reinstated to the District Court's active docket despite the subsequent payment of filing fees. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997).

(4) The Plaintiff is also on notice that if he does not supply copies or detailed descriptions of the administrative remedies which he has pursued to exhaustion (that is, a BP-9; a BP-10; a BP-11; and the BOP responses) with regard to any complained-of condition within the same thirty (30) days from the date of entry of this Order, then this Court may dismiss the action for failure to exhaust. 42 U.S.C. §1997e(a); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 119 S. Ct. 88 (1998).

(5) To the extent that the Plaintiff seeks preliminary injunctive relief, the request is **DENIED**.

(6) The Clerk of the Court shall correct the docket to reflect that the instant cause of action is one brought pursuant to 28 U.S.C. §1331 and *Bivens,* and not a habeas proceeding pursuant to 28 U.S.C. §2241.

(7) If full payment of the filing fee is not made, then upon the filing of all forms indicated herein or, alternatively, upon the expiration of forty (40) days from the date of entry of this Order, the Clerk of this Court is hereby directed to notify the Pro Se Office.

This 7th day of November, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge